633 A.2d 1096

COMMONWEALTH of Pennsylvania, Appellant,

v.

Samuel Lee BROWN, Appellee.

Supreme Court of Pennsylvania.

Submitted Dec. 3, 1991.

Decided Nov. 4, 1993.

Ronald Eisenberg, Deputy Dist. Atty., Catherine Marshall, Chief, Appeals Div., for appellant.

Joan Brown Duncan, Norristown, for appellee.

Before NIX, C.J., and FLAHERTY, ZAPPALA, PAPADAKOS, CAPPY and MONTEMURO, JJ.

## OPINION OF THE COURT

PAPADAKOS, Justice.

Samuel Lee Brown (Appellee) was charged with, tried and convicted of multiple offenses arising out of multiple incidents. His convictions, following a jury trial before the Honorable Marvin R. Halbert of the Court of Common Pleas of Philadelphia County, were of statutory rape,[1] corruption of minors,[2] indecent assault,[3] and two counts of simple assault[4] for repeatedly raping and molesting his stepdaughter. The Superior Court, in an unpublished memorandum opinion, affirmed all the convictions. However, the Superior Court concluded that the offenses of statutory rape and corruption of a minor arose out of one incident and, therefore, remanded to the trial court for re-sentencing on the theory of merger. *Commonwealth v. Brown*, 394 Pa.Superior Ct. 627, 569 A.2d 1381 (1989).

The Commonwealth urged our further review to correct the erroneous conclusions made by the Superior Court and to reinstate the judgment of sentence entered against Appellee. We granted allocatur to review this record and we conclude that the offenses of statutory rape and corruption of a minor were committed in different incidents and at different times. We, therefore, reverse the judgment of the Superior Court in part and reinstate the judgment of sentence imposed on Appellee by the trial court.

1. 18 Pa.C.S. § 3122.
2. 18 Pa.C.S. § 6301.
3. 18 Pa.C.S. § 3126.
4. 18 Pa.C.S. § 2701.

Appellee was arrested on February 23, 1986, and charged with raping his eleven year old stepdaughter on February 7, 1986. He was also charged with beating this same stepdaughter and her mother and it was alleged that Appellee not only beat his victims with his fists but that he also beat them with a stick that had a nail embedded in one end. This charge arose out of an incident that occurred on February 8, 1986.

Although Appellee was initially charged only with the February 7, 1986, rape, following his preliminary hearing, he was held for court based on his raping his daughter over several years. The Bills of Information presented at the arraignment reflected charges of statutory rape and corruption of minors from 1980 through 1986 (R., p. 36–39) and the complaint was amended to reflect this fact. At trial, the victim, then aged 13, testified extensively regarding the repeated intimate physical contact forced upon her by Appellee from the age of six until she was nine years old. The victim also testified that from age nine until age eleven, Appellee had sexual intercourse with her.

A portion of the victim's direct testimony confirms the following sad tale of repeated forced sexual encounters with Appellee.

Q. Donella, on February the 7th when Samuel Brown did that to you, when he placed his penis in your vagina, was that the first time that he had done that to you?

A. No.

Q. Can you tell us, please, how many other times had he done that to you, Donella?

A. Six or seven times.

Q. Do you know how old you were when he first did that to you?

A. Yes.

Q. Can you tell the members of the jury, please?

A. Six.

Q. Were you six when he placed it inside your vagina?

A. No.

Q. All right. Can you tell us what happened when you were six, what did Samuel Brown do to you when you were six?

A. He would just feel my chest and feel between my legs.

Q. And at what age were you when he first placed his penis in your vagina?

A. Nine.

N.T., 12/17/87, p. 21.

This testimony is consistent with the statements made by the victim during the preliminary hearing and which were later entered into evidence by the Commonwealth during the victim's questioning on re-direct examination. (See N.T., 12/17/87, pg. 81.) Additionally, the victim made other references to her having had sex with Appellee on several occasions prior to February 7, 1986 (N.T., 12/17/97, pp. 50, 75), and provided testimony as to what occurred during these encounters (N.T., 12/17/86, p. 76). This evidence, if believed, was sufficient for a jury to find a continuing pattern of corruption of a minor from the age of six until eleven, and statutory rape from age nine until age eleven. This evidence of abuse is consistent with the time periods set forth in the Bills of Information and the amended complaint, and the jury was entitled to convict Appellee of multiple counts of abusive behavior and the sentence was properly imposed to reflect an ongoing pattern of abuse.

Under these circumstances, our decision in *Commonwealth v. Weakland*, 521 Pa. 353, 555 A.2d 1228 (1989), which forbids multiple sentencing for crimes which arise out of one transaction and which merge, was not applicable and the Superior Court was in error in relying on this precedent to vacate the judgment of sentence. We are satisfied that the Commonwealth properly charged Appellee for crimes which occurred from 1980 to 1986 and that the evidence submitted to the jury could support a finding of long term abuse, separate and apart from its finding of statutory rape occurring at a different time.

Accordingly, that portion of the judgment of the Superior Court remanding this matter for resentencing is reversed and the judgment of sentence is reinstated.